Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HOWARD MOSKOWITZ, | CASE NO. |
| Plaintiff, | COMPLAINT FOR DAMAGES AND OTHER RELIEF BASED UPON: |
| vs. | DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT |
| BEARCOM GROUP, INC., a Texas Corporation; BEAR COMMUNICATIONS, INC., a Texas Corporation, | JURY DEMAND |
| Defendant. | |

Plaintiff HOWARD MOSKOWITZ ("Plaintiff" or "Moskowitz") alleges as follows:

1. This action is brought pursuant to the Americans with Disabilities Act of 1990, *42 U.S.C. § 12101, et seq.* (hereinafter "ADA") for wrongful discrimination in violation of the ADA. Jurisdiction is predicated under this code section as well as *28 U.S.C. §1331* as this action involves a federal question.

1

2. At all relevant times, Defendants BEARCOM GROUP, INC., a Texas Corporation and BEAR COMMUNICATIONS, INC., a Texas Corporation (hereinafter "Bearcom" or "Defendant") employed fifteen (15) or more employees on each working day in each of 20 or more calendar weeks in the current or preceding calendar year from which the discrimination took place, and they are therefore subject to the provisions of the ADA.

3. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to *28 USC §1391(b)(2),* and the ends of justice so require.

## PARTIES

4. Plaintiff, Moskowitz, is a citizen of the United States and a resident of the State of Nevada, County of Clark and City of Las Vegas.

5. Plaintiff is informed and believes and thereon alleges that at all relevant times giving rise to the claims asserted, Plaintiff was employed in Las Vegas, Nevada by Bearcom. Defendant is an employer within the meaning of *42 USC §2000e(b)*.

## EXHAUSTION OF REMEDIES

6. Plaintiff timely filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") and was issued a Notice of Right to Sue by the EEOC on August 24, 2015, a copy of which is attached to Complaint as Exhibit "A".

## CAUSE OF ACTION

**(For Disability Discrimination**

**in Violation of the ADA)**

7. Plaintiff Moskowitz incorporates the allegations set forth in paragraphs 1 through 6, inclusive, as if fully set forth herein.

8. On or about March 15, 2004, Plaintiff was hired by Defendant as General Manager of their Las Vegas office.

9. As General Manager, Moskowitz was responsible for the whole operation in Las

Vegas, employing and managing approximately 30 employees, making the Las Vegas office one of Bearcom's largest branch offices.

10. Plaintiff managed that operation for approximately 9½ years until he was terminated on July 30, 2013.

11. On or about February 5, 2012, Plaintiff informed his Regional Director Stan Cameron via telephone that he was sick and hospitalized. Moskowitz' disability that led to his hospitalization was diagnosed as Postural Orthostatic Tachycardia Syndrome ("POTS").

12. POTS is a condition in which a change from a supine position to an upright position causes an abnormally large increase in heart rate called tachycardia. Symptoms include palpitations, light-headedness or dizziness, chest discomfort, shortness of breath, weakness and blurred vision. These symptoms are many times relieved by reclining.

13. Major life activities that are affected by POTS include walking, standing, bending, lifting, climbing stairs, breathing and working, among other things.

14. Plaintiff's POTS is a permanent condition and Moskowitz has also recently been diagnosed with cancer.

15. After Plaintiff initially told Cameron about his health issues he regularly kept Cameron updated on at least a monthly basis.

16. Cameron was also aware of Moskowitz' disability when he would visit the Las Vegas office five or six times a year.

17. In particular, Cameron was aware of a sofa Plaintiff had in his office because Moskowitz told Cameron that he would lay down on the sofa when his symptoms became exacerbated as an accommodation for the disability because as set forth above, reclining often times relieves the symptoms experienced from POTS.

18. Cameron also knew of Plaintiff's visits to Scripps Hospital in California and the Mayo Clinic in Arizona for diagnosis of his disability.

19. In addition to reclining on the sofa to relieve his symptoms when needed, Plaintiff

asked Cameron if he could rent a scooter to use at the International Wireless Communication Expo (IWCE) Industry Show to be held in Las Vegas in January of 2013 to relieve any dizziness or light-headedness he was experienced from his POTS.

20. Cameron advised Moskowitz not to do this because he did not want to let Bearcom's owner Jerry Denham know of the severity of Plaintiff's disability because in the past Denham has terminated employees with disabilities.

21. Plaintiff never felt the need to go on Family Medical Leave ("FML") or otherwise seek a leave of absence as a reasonable accommodations for his disability, nor did Cameron or any other Bearcom employees suggest that Moskowitz take a leave of absence due to his disability.

22. In June of 2013, Plaintiff received an email from Cameron alleging that there were performance issues with Moskowitz' including his relationships with Motorola (Bearcom's leading supplier) and not hiring new sales people.

23. This was first and only time that Plaintiff remembers getting a written notification of performance issues during his employment with Bearcom.  Further Moskowitz disputes Bearcom's claim that his relationships with Motorola was not as good as it ever had been or that hiring new sales people was an issue because after he left no new sales people were hired by the General Manager who took over for Plaintiff in the Las Vegas branch office.

24. Then on July 30, 2013, both Cameron and Denham came to town for a meeting. Plaintiff picked them up at the airport to drop them off at their hotel and they asked Moskowitz to rearrange his meeting to accompany them to brunch.

25. After the food was ordered at brunch, Cameron laid an envelope on the table in front of Plaintiff and Denham told Moskowitz that today was his last day.

26. Plaintiff stated that "You are firing me because I'm sick", to which Denham replied, "[W]e are going in another direction".

27. Although Denham said that Moskowitz was being terminated because the company was going in another direction and for alleged performance problems, Plaintiff believes and will prove at trial that the real reason for his termination was because of his disability.

28. This is based on among other things, the continued growth of the Las Vegas branch office while Moskowitz was General Manager. This is supported by the fact that Plaintiff continued to receive bonuses based on his management of the Las Vegas office. To receive these bonuses the Las Vegas office had to have shown continued sales growth each month, quarter and year over. In fact, Plaintiff even received a bonus on his last paycheck with Bearcom.

29. Thus since the Las Vegas office continued to grow under Plaintiff's leadership, it stands to reason that Moskowitz must have been terminated because of his disability.

30. Further Plaintiff believes that Bearcom learned that their health insurance premiums were going up substantially because of Moskowitz' illness and thus to avoid incurring the added costs, they decided to terminate Plaintiff.

31. As a direct, foreseeable, and legal result of the Defendant terminating Moskowitz due to his disability, Plaintiff has suffered overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

32. As a further direct, foreseeable, and legal result of the Defendant terminating Moskowitz due to his disability, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which Plaintiff seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

33. In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

34. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

35. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Moskowitz demands judgment against Defendant, and each of them, as follows:

1. Declaring that the acts and practices complained of here are a violation of ADA because Plaintiff was terminated because of his disability (ie. POTS);

2. Enjoining and permanently restraining the violations by Defendant of the ADA;

3. For back pay and front pay for overall economic losses in earnings, bonuses, job benefits and expenses, according to proof at time of trial;

4. For compensatory damages for mental and emotional distress, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life and other pecuniary losses, all to Plaintiff's damage in a sum to be shown at the time of trial;

5. For punitive damages;

6. For attorney's fees and costs in an amount determined by the court to be reasonable;

7. For pre-judgment interest on all damages; and

8. For any other and further relief that the Court considers proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

DATED:  11/18/2015           LAW OFFICES OF MICHAEL P. BALABAN

BY: /s/ Michael P. Balaban
Michael P. Balaban
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141

# EXHIBIT A

EEOC Form 1S1 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: **Howard Moskowitz**
8083 Shadowvale Drive
Las Vegas, NV 89147

From: **Los Angeles District Office**
255 E. Temple St. 4th Floor
Los Angeles, CA 90012

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 34B-2013-01101 | Karrie L. Maeda, State & Local Coordinator | (213) 894-1100 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Rosa B. Viramontes*

**Rosa M. Viramontes,**
District Director

August 24, 2015
*(Date Mailed)*

Enclosures(s)

cc:   **Jennifer Holt**
Dir. of People Strategy
BEARCOM
4000 Distribution Drive, Bldg. 200
Garland, TX 75041